Peter C. Erbland, ISBA # 2456
PAINE HAMBLEN LLP
701 Front Avenue, Suite 101
P.O. Box E
Coeur d'Alene, ID  83816
Telephone: (208) 664-8115
Facsimile: (208) 664-6338

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KATHLEEN HOWARTH, as personal representative of the Estate of Brian Howarth; and KATHLEEN HOWARTH, individually, <br><br> Plaintiff, <br><br> vs. <br><br> BOUNDARY COUNTY, as Municipal corporation; BOUNDARY COUNTY SHERIFFS OFFICE, a Division of Boundary County; BOUNDARY COUNTY DETENTION FACILITY, a Division of Boundary County; GREG SPRUNGL, Sheriff of Boundary County; DAVID W. COLBY, an Individual; RICHARD TODD SCHMITZ, an Individual; ROBERT PEW, an Individual; JOHN McCLELLAND, an Individual; KATHLEEN VANMETER, an Individual; JEFF HOFF an Individual; JAMES DOE ELAM, an Individual; BOUNDARY COUNTY HOSPITAL, a Divisions of Boundary County; WESTERN MEDICAL ASSOCIATES, PLLC, an Idaho corporation; and GORDON LUTHER, M.D., an Individual; JOHN DOES 1-10; and JANE DOES 1-10, <br><br> Defendants. | Case No.  2:14-CV-0312 <br><br> **ANSWER TO COMPLAINT** |

**ANSWER TO COMPLAINT - 1**

COME NOW defendants Boundary County, Boundary County Sheriff's Office, Boundary County Detention Facility, Sheriff Greg Sprungl, David W. Colby, Richard Todd Schmitz, Robert Pew, John McClelland, Kathleen VanMeter, Jeff Hoff, James Ranlett, James Doe Elam and Boundary County Hospital, by and through their attorney of record, Peter C. Erbland of Paine Hamblen LLP, and hereby answer plaintiffs' Complaint on behalf of said defendants as follows:

## I. GENERAL

These defendants deny each and every allegation not expressly and specifically admitted in this Answer. The paragraph numbers in this Answer correspond with the paragraph numbers in the Complaint.

## I. JURISDICTION AND VENUE

1.1    These defendants admit that plaintiffs' claims are brought pursuant to 42 U.S.C. § 1983 and Idaho State law, but deny any violations thereof.

1.2    These defendants admit paragraph 1.2.

## II. IDENTIFICATION OF THE PARTIES

2.1    These defendants admit paragraph 2.1.

2.2    These defendants admit paragraph 2.2.

2.3    These defendants admit paragraph 2.3, but deny having violated any of plaintiffs' legal or constitutional rights.

2.4    These defendants admit paragraph 2.4, but deny having violated any of plaintiffs' legal or constitutional rights.

2.5     These defendants admit paragraph 2.5, but deny having violated any of plaintiffs' legal or constitutional rights.

2.6     These defendants admit paragraph 2.6. but deny having violated any of plaintiffs' legal or constitutional rights.

2.7     These defendants admit that defendant Sprungl was at the time of the events contained in plaintiffs' complaint through the present the duly elected Sheriff of Boundary County and an officer, agent and employee of the County.  These defendants deny the remaining allegations contained in paragraph 2.7, as they contain legal argument to which no response is required.  If a response is required, these defendants deny any wrongful conduct on behalf of Sprungl and further allege that Sprungl is entitled to qualified immunity.

2.8     These defendants admit that defendant Detention Officers Colby, Schmitz, Pew, McClelland, VanMeter, Hoff, Ranlett and Elam (collectively "D.O.s") are or were agents and employees of the County and were employed by the BCSO, and admit that said D.O.s were acting within the course and scope of their employment by the County and by color of state law. With regard to the remaining allegations contained in paragraph 2.8, said D.O.s deny they engaged in any wrongful conduct or caused or contributed to injuries and damages to decedent Brian Howarth on or about and between January 21, 2014, and January 24, 2014.  These defendants deny the remaining allegations of paragraph 2.8.

2.9     These defendants admit paragraph 2.9.

2.10    Paragraph 2.10 does not contain factual allegations against these answering defendants and, therefore, no answer is required.

**ANSWER TO COMPLAINT - 3**

2.11    Paragraph 2.11 does not contain factual allegations against these answering defendants and, therefore, no answer is required.

2.12    Paragraph 2.12 does not contain factual allegations against these answering defendants and, therefore, no answer is required.

2.13    These answering defendants admit that there may be agents and employees of the County employed by the BCSO or the BCDF who, at the time of the events complained herein, were acting within the course and scope of their employment by the County and by color of state law.   With regard to the remaining allegations contained in paragraph 2.13, these answering defendants deny that they engaged in wrongful conduct and caused or contributed to injuries and damages to decedent Brian Howarth on or about January 21, 2014, and January 24, 2014.   These defendants deny the remaining allegations of paragraph 2.13.

## III.   GENERAL ALLEGATIONS

3.1.    These defendants admit that at all times pertinent hereto, Sheriff Sprungl was legally responsible for the management of the BCSO including the County's jail system and the BCDF, which is operated by the BCSO.   These defendants further admit that Sheriff Sprungl was legally responsible for establishing and implementing policies, procedures, and protocols governing the management of inmates in the County's custody, and that such responsibility included making certain that such policies, procedures and protocols satisfied all applicable federal and state standards.   However, the remaining allegations contained in paragraph 3.1 contain legal argument for which no answer is required.   If an answer is required, these defendants deny the same.

**ANSWER TO COMPLAINT - 4**

3.2     These defendants admit paragraph 3.2, except for the allegations relating to state and federal standards, which are not identified.

3.3     These defendants admit paragraph 3.3.

3.4     These defendants admit paragraph 3.4.

3.5     These defendants admit paragraph 3.5.

3.6     These defendants admit that on January 23, 2014, Deputy Schmitz transported Brian Howarth to the Emergency Department at Boundary Community Hospital.  With regard to the remaining allegations contained it paragraph 3.6, these answering defendants are without sufficient information to admit or deny the remaining allegations in said paragraph and, therefore, deny the same subject to further discovery.

3.7     These defendants admit paragraph 3.7.

3.8     Paragraph 3.8 does not contain factual allegations against these answering defendants and, therefore, no answer is required.

3.9     Paragraph 3.9 does not contain factual allegations against these answering defendants and, therefore, no answer is required.

3.10    These defendants admit that Brian Howarth was transported back to BCDF at approximately 7:30 a.m. on January 23, 2014.  These defendants deny the allegations concerning Brian Howarth's condition, as they are not specific.

3.11    These defendants lack sufficient knowledge and information regarding plaintiff's visit with Brian Howarth on January 23, 2014, and therefore deny the same subject to further discovery.

**ANSWER TO COMPLAINT - 5**

3.12    These defendants lack sufficient knowledge and information to admit or deny the allegations concerning Brian Howarth's cellmate's observations and, therefore, deny them subject to discovery.

3.13    These defendants admit that Brian Howarth did not eat food from his tray delivered at approximately 4:30 a.m.

3.14    These defendants admit that D.O. Sgt. Colby checked on Brian Howarth and told him that he thought he should be taken back to the hospital to be reevaluated when additional staff came on duty.  Defendants deny that Sgt. Colby believed that transportation to the hospital should be done immediately, and further allege that if Sgt. Colby believed this was a medical emergency, he would have summoned an ambulance.  These defendants admit that Sgt. Colby came back with a cup of juice for Brian Howarth at approximately 6:00 a.m.

3.15    These defendants admit that at approximately 6:50 a.m., Sgt. Colby observed Brian lying on his bunk and he believed Brian was sleeping.  They further admit that Sgt. Colby again checked on Brian in his cell at approximately 7:08 a.m., and, after seeing that Brian had not moved from his prior position, Sgt. Colby entered the cell and attempted to rouse Brian, but was unable to do so and, when unable to rouse Brian, he radioed for assistance.  The remaining allegations in paragraph 3.15 contain legal argument to which no response is required.  If a response is required, these defendants deny having violated any of plaintiff's legal or constitutional rights.

3.16    These defendants lack sufficient knowledge and information regarding the allegations of paragraph 3.16 and, therefore, deny the same subject to further discovery.

3.17    These defendants admit paragraph 3.17.

**ANSWER TO COMPLAINT - 6**

3.18    These defendants admit paragraph 3.18.

3.19    These defendants admit paragraph 3.19.

3.20    With regard to paragraph 3.20, these defendants allege that the jail records accurately identify the D.O.s on duty at relevant times, as they relate to Brian Howarth. These defendants deny the remaining allegations of paragraph 3.20.

3.21    These defendants admit paragraph 3.21.

## IV.  LIABILITY AND CLAIMS FOR RELIEF

**Liability of Boundary Community Hospital, Western Medical Associates, and Dr. Luther.**

4.1    These defendants admit paragraph 4.1 as the allegations relate to Boundary Community Hospital.

4.2    Paragraph 4.2 does not contain factual allegations against these answering defendants and, therefore, no answer is required. If an answer is required, these defendants are without sufficient information to admit or deny the allegations and, therefore, deny the same.

4.3    Paragraph 4.3 contains legal argument to which no response is required. If a response is required, these answering defendants deny paragraph 4.3.

4.4    Paragraph 4.4 contains legal argument to which no response is required. If a response is required, these answering defendants deny paragraph 4.4.

4.5    Paragraph 4.5 contains legal argument to which no response is required. If a response is required, these defendants deny paragraph 4.5. In addition, Boundary Community Hospital denies negligently inflecting emotional distress on Kathleen Howarth and deny engaging in negligent conduct.

4.6    These defendants deny paragraph 4.6.

**ANSWER TO COMPLAINT - 7**

**Liability of Detention Officer Defendants**

4.7    Paragraph 4.7 contains legal argument to which no response is required. If a response is required, these answering defendants deny paragraph 4.7.

4.8    Paragraph 4.8 contains legal argument to which no response is required. If a response is required, these answering defendants deny paragraph 4.8.

4.9    Paragraph 4.9 contains legal argument to which no response is required. If a response is required, these answering defendants deny paragraph 4.9.

4.10    Paragraph 4.10 contains legal argument to which no response is required. If a response is required, these answering defendants deny paragraph 4.10.

4.11    These defendants deny paragraph 4.11.

**Liability of the County and Sprungl**

4.12    These defendants admit Sheriff Sprungl is a policy maker for the County and he has the authority and responsibility to establish policies for BCSO and BCDF. These defendants deny the remaining allegation contained in paragraph 4.12.

4.13    These defendants deny paragraph 4.13.

4.14    These defendants admit that Sheriff Sprungl is responsible for the training of employees, including D.O.s. These defendants deny the remaining allegations contained in paragraph 4.14.

4.15    These defendants admit that Sheriff Sprungl is responsible for the training of employees, including D.O.s. These defendants deny the remaining allegations contained in paragraph 4.15.

4.16    These defendants deny paragraph 4.16.

**ANSWER TO COMPLAINT - 8**

4.17    These defendants deny paragraph 4.17.

4.18    These defendants deny paragraph 4.18.

4.19    These defendants deny paragraph 4.19.

4.20    These defendants deny paragraph 4.20.

4.21    These defendants deny paragraph 4.21.

4.22    These defendants deny paragraph 4.22.

4.23    These defendants deny paragraph 4.23.

4.24    These defendants deny paragraph 4.24.

4.25    These defendants deny paragraph 4.25.

**Allegations of Proximate Cause**

4.26    These defendants deny paragraph 4.26.

4.27    With regard to paragraph 4.27, these defendants lack sufficient knowledge and information regarding said allegations and, therefore, deny the same subject to further discovery.

## V. DAMAGES

5.1    With regard to paragraph 5.1, these defendants lack sufficient knowledge and information regarding said allegations and, therefore, deny the same subject to further discovery.

5.2    These defendants deny paragraph 5.2.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b), Federal Rules of Civil Procedure, these defendants hereby demand a trial by jury.

## AFFIRMATIVE DEFENSES

### I.

**ANSWER TO COMPLAINT - 9**

Discovery, investigation and research may show that one or more claims in the complaint fails to state a cause of action upon which relief may be granted.

## II.

The alleged actions of these defendants, if any, do not rise to the level of a deprivation of a constitutionally protected right. By asserting this defense, these defendants do not admit to any wrongdoing, but deny the same unless herein specifically and expressly admitted.

## III.

Any and all conduct on the part of these answering defendants with respect to the matters alleged in the complaint were justifiable and reasonable and performed in good faith and with the belief that such acts were proper and appropriate.

## IV.

These defendants are entitled to qualified immunity on all plaintiffs' federal claims and immunity on plaintiffs' state law claims pursuant to the Idaho Tort Claims Act.

## V.

These defendants are not liable in their individual capacities.

## VI.

Plaintiffs' state law claims against all law enforcement officers are barred for failure to post a bond pursuant to Idaho Code § 6-610.

## VII.

Plaintiffs' claims against these defendants are barred or reduced by comparative fault.

## VIII.

ANSWER TO COMPLAINT - 10

Whereas discovery is just beginning, these defendants reserve the right to modify and amend the answer to the complaint in this matter.

### PRAYER FOR RELIEF

WHEREFORE, these defendants pray for judgment against plaintiffs as follows:

1. That plaintiffs' complaint be dismissed and the plaintiffs recover nothing.

2. That these defendants be awarded their costs of suit and reasonable attorney fees incurred in defending this action; and

3. That these defendants be awarded such other and further relief as the court deems proper.

DATED this /7th day of October, 2014.

PAINE HAMBLEN LLP

PETER C. ERBLAND
Attorney for Defendants

**ANSWER TO COMPLAINT - 11**

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the /7*ᵗʰ day of October, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system (if applicable) which sent a Notice of Electronic Filing to the following persons:

Regina McCrea                          regina@cdalawyer.com
Jeffrey R. Owens                       jeffowens@cdalawyer.com
R. Bruce Owens                         bruce@cdalawyer.com
Owens & Crandall PLLC
8596 N Wayne Dr Ste A
Hayden ID  83835

Michael Ramsden                        firm@ramsdenlyons.com
RAMSDEN & LYONS, LLP
700 Northwest Boulevard
P.O. Box 1336
Coeur d'Alene, ID 83816

By: _____

H:\CDADOCS\00228\00282\PLEAD\C159024:bk

**ANSWER TO COMPLAINT - 12**