UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KATHLEEN HOWARTH, as personal representative of the Estate of Brian Howarth; and KATHLEEN HOWARTH, individually,<br><br>Plaintiffs,<br>vs.<br><br>GORDON LUTHER, M.D., an Individual,<br><br>Defendant. | Case No. 2:14-CV-00312-REB<br><br>**MEMORANDUM DECISION RE: QUALIFICATION OF MEDICAL EXPERTS AT TRIAL** |

A dispute has arisen as to whether Plaintiffs' medical standard of care experts should be deemed to be qualified, as a matter of law, to render opinions concerning the community standard of medical care, prior to the beginning of trial.[1] The Court has heard from counsel for both sides, and gave its tentative decision about the controversy during a telephone conference hearing on May 30, 2018. The Court now enters this written decision, which is consistent with what was described from the bench in open court.

1. The nature of the dispute

As with any other type of expert witness, a medical expert must demonstrate to the satisfaction of the court that he or she is qualified to render an expert opinion, consistent with the requirements of Federal Rule of Evidence 702. There appears to be no issue, based upon what

---

[1] There has been no motion in limine upon the subject, or any other pre-trial motion written raising the issue and asking for a decision from the Court. As discussed in the May 30, 2018 hearing, in a medical malpractice case the issue commonly is decided (if disputed) in the course of pretrial dispositive motion practice. No pretrial dispositive motions were filed in this case in relation to the Defendant. The Plaintiffs describe the background of the witnesses, and the inquiry undertaken by them to familiarize themselves with the community standard of care (or, what the law would permit to be deemed the community standard of care) in their Trial Brief (Dkt. 109). The Defendant includes some discussion of the matter in his Response to Plaintiffs' Trial Submissions (Dkt. 119).

**MEMORANDUM DECISION RE: QUALIFICATION OF MEDICAL EXPERTS AT TRIAL – 1**

the Court understands about the issues in the case and what has been described in the filings on this subject and described in open court, that the experts in question meet the template of Rule 702. However, in a diversity case such as this, applying Idaho law, the standard of care experts must demonstrate a further foundation before their testimony is permitted, *i.e.*, that before an expert can testify upon whether there has been a departure from the community standard of practice applicable to the medical practitioner involved (at that time and place), the expert witness must also possess "actual knowledge of the applicable…community standard to which his or her expert opinion is addressed." I.C. § 6-1013; *see also* I.C. § 6-1012.

Plaintiffs describe in their written materials the various means by which a non-local medical expert can obtain that "actual knowledge," and the decisions outlining such contain many different avenues to that destination. The Court's initial assessment of that question is that such a foundation likely can be laid; however, it is contested by Defendant, and the question has not been put before the Court in a form appropriate for decision before trial. Therefore, the Court will not rule upon the question until counsel informs the Court that the next matter is one which the Court has informed counsel will require a recess. At that time, the Court will excuse the jury and will hear the foundational testimony intended to qualify the witness as an expert qualified as having actual knowledge of the community standard of care and an opinion as to whether it was met (as well as any appropriate questioning in aid of objection). (The Court will not hear the actual opinion testimony at that time – only the foundational testimony as to whether the witness

is qualified to render such an opinion.) Argument from counsel will follow, and the Court will then rule upon that issue outside the presence of the jury.[2]

The Court is mindful that such a course deviates from the preferred practice of the Court to keep the jury working and not waiting, but this particular circumstance allows for no other reasonable approach, at this point in time.

DATED: May 31, 2018

_____
Honorable Ronald E. Bush
Chief U.S. Magistrate Judge

---

[2] Counsel will be permitted to go over as little or as much of such foundational testimony as desired before the jury, if the expert is qualified and permitted to testify. Of course, in that setting opposing counsel is free to fully cross-examine upon such matters.

**MEMORANDUM DECISION RE: QUALIFICATION OF MEDICAL EXPERTS AT TRIAL – 3**