UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KATHLEEN HOWARTH, as personal representative of the Estate of Brian Howarth; and KATHLEEN HOWARTH, individually,<br><br>Plaintiffs,<br>vs.<br><br>GORDON LUTHER, M.D., an Individual,<br><br>Defendant. | Case No. 2:14-CV-00312-REB<br><br>**MEMORANDUM DECISION AND ORDER RE: DEFENDANT'S MOTION FOR MISTRIAL** |

Pending is Defendant's motion for mistrial, raised during trial day number four. The Court has heard argument from counsel, including argument upon whether or not to give a proposed curative instruction. The Court now enters this written decision.

## BACKGROUND

The motion for mistrial came during the course of cross-examination by Plaintiff's counsel of one of the Defendant's expert witnesses. Plaintiff's counsel was examining the witness about potential bias based upon the amount of consulting and expert witness work he did for physicians compared to work he did for patients. The witness asked Plaintiff's counsel "What do you mean by testify on behalf of the physician?" Plaintiff's counsel responded: "Well, that you [were] consulted, on [the] case, by the physician's attorney or his insurance company, and you were asked to render opinions."[1]

The Defendant's counsel immediately asked the Court for an opportunity to be heard, after which the Court excused the jury. Defendant's counsel then moved for a mistrial, and made argument in support. Counsel for Plaintiff made argument in response. The Court took a recess

---

[1] The quoted material is drawn from the court reporter's rough draft transcription.

**MEMORANDUM DECISION AND ORDER RE: DEFENDANT'S MOTION FOR MISTRIAL – 1**

in the proceedings to consider the issue, and prepared a proposed curative instruction. The Court then heard from both counsel on whether the curative instruction should be given. After hearing the argument of counsel, the Court decided to further consider the matter and has done so, leading to the decision announced here.

## DISCUSSION AND RULING

The Court rules upon the motion for mistrial in the exercise of its discretion. In doing so, it considers various matters, which can include the particular details of the information that was given to the jury through the statement of Plaintiff's counsel, whether its disclosure was intended or inadvertent, the potential prejudice from the disclosure, the subject matter of the case, the time frame of the trial in which the disclosure occurred, and related matters that are all within the immediate knowledge of the trial judge.

Rule 411 of the Federal Rules of Evidence expressly proscribes evidence of liability insurance:

> Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully. But the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control.

The Advisory Committee Notes describe the reason for the rule in this manner:

> The courts have with substantial unanimity rejected evidence of liability insurance for the purpose of proving fault, and absence of liability insurance as proof of lack of fault. At best the inference of fault from the fact of insurance coverage is a tenuous one, as is its converse. More important, no doubt, has been the feeling that knowledge of the presence or absence of liability insurance would induce juries to decide cases on improper grounds.

The potential prejudice is obvious. Particularly in a case such as this one, with the nature and amount of damages, the potential prejudice is compounded. Further, the possibility of an

adverse verdict for a medical provider carries with it many collateral consequences.  In other words, the nature of the prejudice to an opposing party in a medical malpractice case such as this one, because of the injection of the subject of liability insurance, is much greater than if the case was, for example, a slip and fall case, or a minor motor vehicle accident.

At the same time, however, the jury has been empaneled for four days, of what was scheduled as a seven-day trial.  The Court and the parties have expended substantial resources.  The case concerns events that happened in January 2014.  The case was filed on July 29, 2014.  Other parties were named, but the claims against those other parties have been dismissed or otherwise resolved.  Only the claims against the remaining defendant are left to be decided.  Further, it is a difficult case in that the events involve the death of the Plaintiff's spouse, and a claim that his death was caused by the negligence of the Defendant physician.  For both the Plaintiff and the Defendant, the personal toll of being involved in the lawsuit are significant.

The Court has observed the jury carefully, and has been impressed with their attentiveness.  They are engaged, observant, listening carefully, and making notes of the testimony.  That attentiveness has been true from the outset of the voir dire process.

In considering its decision upon the motion for mistrial, the Court has considered carefully the concern raised by Defendant's counsel that any curative instruction, particularly one in the proposed form previously given to counsel for review, may only serve to emphasize to the jury the subject of liability insurance.  The Court understands that, and there is a proper concern in that regard.  However, there is already an emphasis upon the subject by the fact of the statement having been made, which could not possibly have escaped the attention of this particular jury, and by the fact that a recess was taken almost immediately after it was said.  In

today's world, it is very unlikely that any of these jurors would not have in their mind the question of whether insurance might be available to cover any verdict. The statement made by Plaintiffs' counsel could only have served to answer whatever question might have been in their mind. Therefore, the trial should not continue unless the jurors are told, directly, that the question of whether there is liability insurance and the answer to that question have absolutely no place in their consideration of the evidence or their decision upon the evidence. The Court has decided to do just that, and will do so in a direct manner intended to emphasize to the jurors the seriousness of the matter and the seriousness of their duty to adhere to their oath to follow the instructions of the Court. The Court will rely upon the jurors to adhere to the oath when they deliberate upon the case, and to return a verdict without any taint of improper influence created by the disclosure of the subject of liability insurance.

Accordingly, the Court will give a curative instruction at the beginning of the trial day on Friday, June 8, 2018. The curative instruction will include a directive to the jurors that the offending statement is stricken from the record and that they are to disregard it and should not be influenced by it. Counsel will receive a copy of the intended instruction, and will have an opportunity to make a record of any objections. The Court is also willing to consider an alternative curative instruction from the Defendant, if it is provided to the Court by 8 a.m. on Friday, June 8, 2018, with a copy to opposing counsel at the same time.

The Court understands that a curative instruction cannot guarantee an erasure of any potential prejudice. The Court will also give, as part of its post-proof instructions to the jury, Ninth Circuit model civil jury instruction 1.10, which is entitled "What is Not Evidence."

\ \ \

## ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that Defendant's Motion for Mistrial is **DENIED** for the reasons discussed above.

DATED: June 7, 2018

_____
Honorable Ronald E. Bush
Chief U.S. Magistrate Judge